STATE, *ex rel.* CARY D. LANDIS, Attorney General, v. L. H O'QUINN, CHARLES E. BARR, AUG F. FANGER, JULIUS W. KAMINSKI, J. R. STRIPLING, CARL AULT, THOMAS MAXWELL and HENRY MILANDER.

175 So. 769.
Opinion Filed July 26, 1937.

836

*Cary D. Landis,* Attorney General, *Hawthorne & More-head* and *Loftin, Stokes & Calkins,* for Relator;

Martin F. Whalen, Jr., Mitchell D. Price and Charles W. Zaring, William J. Pruitt and Julius F. Parker, for Respondents.

PER CURIAM.—The Legislature of 1937 enacted Senate Bill 1024 providing a new charter for the City of Hialeah, repealing the old charter and changing the government of the city from the aldermanic to the commission form. The new commissioners were named in the Act.

The mayor and councilmen under the old charter refused to surrender the records, offices and seal of the city to the new commissioners. On such refusal being brought to the attention of the Attorney General, he filed an information in quo warranto in this Court suggesting that the mayor and councilmen under the old charter were unlawfully usurping the powers and duties of such offices. A rule *nisi* was issued and the mayor and a majority of the old councilmen demurred to the information. The cause is here for consideration on the demurrer to the information.

It is contended that the title to Senate Bill 1024 is: (1) Repugnant to Section Sixteen of Article Three of the Constitution, (2) Repugnant to the Fourteenth Amendment to the Federal Constitution in that it names the commissioners and wrests from the old councilmen the offices to which they were elected, (3) Repugnant to Section Nine and other Section of Article Six of the Constitution prescribing the qualification of electors and the purity of the ballot, (4) Is repugnant to the Constitution in that it amends and repeals the old charter by implication, (5) Is Repugnant to Section One of the Declaration of Rights, (6) Is repugnant to Sections Six and Seven of Article Eighteen of the Constitution relating to vacancies in office, (7) Is Repugnant to Section Twenty-four of Article Three of the Constitution and (8) Is void in that it adopts the boundaries of the city as defined in the old charter.

These questions have been carefully considered and to discuss them in detail would require a long opinion that would serve no useful purpose. Under the plenary power given the Legislature to deal with municipalities in this State under Section Eight of Article Eight of the Constitution, we find no invalidity in the Act complained of.

The questions raised have in the main been fully answered in the following cases: State, *ex rel.* Attorney General, v. Burns, 38 Fla. 367, 21 So. 290; State, *ex rel.* Attorney General, v. Green, 36 Fla. 154, 18 So. 334; State, *ex rel.* Johnson, v. Johns, 92 Fla. 187, 109 So. 228; Spencer v. Hunt, 109 Fla. 248, 147 So. 282; State, *ex rel.* Landis, v. Dyer, 109 Fla. 33, 148 So. 201; State, *ex rel.* McMullen, v. Johnson, 102 Fla. 19, 135 So. 816; State, *ex rel.* Landis, v. Jones, 121 Fla. 216, 163 So. 590; City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617; Wade v. City of Jacksonville, 113 Fla. 718, 152 So. 197; Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693.

The demurrer to the information is accordingly overruled. It is so ordered.

ELLIS, C. J., and BUFORD and CHAPMAN, J. J., concur.

TERRELL and BROWN, J. J., dissent.