JOHN N. HARRISON, JR., v. J. R. McLEOD, as Sheriff of Hillsborough County

194 So. 247
Opinion Filed February 20, 1940

*Paul Lake,* for Petitioner;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, for Defendant.

TERRELL, C. J.—Petitioner was arrested by the Sheriff of Hillsborough County on a warrant charging him with violating Section 7652, Compiled General Laws of 1927, in that he did unlawfully discharge firearms by hunting game on Sunday. He seeks to be discharged from custody by writ of habeas corpus.

He contends that Section 7652, Compiled General Laws of 1927, was repealed by Chapter 13644, Acts of 1929, Section 1977 (72) Compiled General Laws of 1927, Supl. 1936, and being so, there is now no authority for his detention.

We find no support for this contention. Chapter 13644, Acts of 1929, is what is known as the general game and fresh water fish while Section 7652, Compiled General Laws of 1927, was a part of Chapter 1007, Acts of 1859, the title to which was "An Act to Prevent the Unnecessary Use of Firearms in the State of Florida on Sunday." It is quite true that the latter Act undertook to repeal all laws inconsistent therewith but both Acts deal with entirely different subjects and there is no express intention in the latter Act to repeal anything in the former. Both Acts emanate from different philosophies, were seventy years separated in conception, and have no cognate significance whatever.

The philosophy back of Chapter 13644 was economic while the philosophy supported Chapter 1007 was moral. Laws for the preservation of game and fresh water fish are of recent origin while those for the preservation of the Sabbath are older than the common law or the civil law. They stem from the Torah, which was of ancient vintage

when the Year Books and the Twelve Tables were in embryo.

The law as we have it is a blend of Mespotamian, Hebrew, Roman, Germanic, and English elements. The moral element is the Hebrew contribution to the law. Every attempt at codification from the Sumerian to the Hebrew Code was procedural. The injection of the moral element marked a distinct transition in the law, indeed as measured by present day standards, its greatest transition. No other element, not even *stare decisis* or trial by jury has so profoundly influenced the law of our country. It measures the question of intent in the criminal law, it is the major factor in the law of domestic relations and equity would be a Babel of meaningless symbols without it. It may be likened to honor in a man or virtue in a woman.

Sunday laws were among the early attempts to impregnate the law with a moral flavor. Like other laws actuated by moral stimuli, they were born of the concept that man is spirit, and that in his periods of reflection, he rises above his baser impulses. We are told that Sunday (not necessarily the first day of the week) was created for man that he might have one day in seven to rest from his labors, to reflect on his relation to God, his obligation to his fellow man, and his duty to his country. It ill becomes a Court to speak of the policy of any legislation. It is enough to say that Sunday laws have been on the books for more than three thousand years and have been the law of this country since Captain John Smith poured cold water down the sleeves of the cavaliers at Jamestown as a punishment for swearing.

· There is accordingly a much deeper significance to the law affecting Sabbath observance than we are urged to believe. In the light of what is revealed, we are at least

not willing to say that it was repealed by what petitioner contends is an implied license to hunt on Sunday.

The petitioner is remanded.

WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.