STATE OF FLORIDA, ex rel. J. TOM WATSON, as Attorney General of the State of Florida, v. W. N. CROOKS, J. K. WALKER, E. G. GUSTAFSON, H. N. STANTON, R. R. KERR, and G. H. REID.

15 So. (2nd) 675                      June Term, 1943
November 16, 1943                      En Banc
Rehearing Denied December 14, 1943

*J. Tom Watson,* Attorney General, *D. C. Smith,* and *Carlton & Ellis,* for relator.

*J. Turner Butler, Liddon & Fee* and *Walker Liddon,* for respondents.

TERRELL, J.:

The Fort Pierce Port District was created by Chapter 13643, Acts of 1929. By Chapter 22298, Acts of 1943, the Fort Pierce Port District was abolished and Fort Pierce Inlet District was created. In the latter act, the Board of County

Commissioners of St. Lucie County was designated as the Board of Commissioners to administer the district and the clerk of the circuit court was designated as its secretary-treasurer. They qualified as such on July 1, 1943, the effective date of Chapter 22298, but the Commissioners of the Fort Pierce Port District as created by Chapter 13643, refused and still refuse to release and turn over the assets, records, and other means of administering the District to them.

This is a quo warranto proceeding brought by the Attorney General against respondents, Commissioners of Fort Pierce Port District, charging them with usurping the functions and withholding properties of the Board of Commissioners of the Fort Pierce Inlet District and directing them to show by what right or authority they pretend to do so. The cause is here on demurrer, a motion to quash and a motion to strike designated parts of the information.

It is first contended that Chapter 22298, Acts of 1943, was not enacted in compliance with Section 21 of Article Three of the Construction of Florida as amended at the general election in 1938 and in compliance with Chapter 21635, Acts of 1943, prescribing the means of effectuating Section 21 of Article III.

The amendment to Section 21 of Article III as approved in 1938 and Chapter 21635, Acts of 1943, affecting the affidavit of proof of publication materially modify the requirement for advertising the intention to introduce a local bill in the Legislature. In effect they require that the notice of publication be established in the Legislature any time before the bill passes and that it be filed with the bill as passed in the office of the Secretary of State. A form for the affidavit of proof of publication is prescribed by the statute but it provides in terms that the form prescribed is not exclusive.

The net result of Section 21 of Article III as amended when read in connection with Chapter 21635 is to render the prerequisites for the introduction and passage of a local law by the Legislature much more flexible. The Court may undoubtedly look to the legislative journals, the bill, affidavit of proof of publication and the notice of intention to apply therefor as preserved in the office of Secretary of State to

see that these formalities are complied with. In this case there was a finding of the Legislature that they were substantially complied with and we find no reason to reverse this finding.

It is next contended that the title to Chapter 22298, Acts of 1943, is violative of Section 16 of Article III of the Constitution of Florida in that it does not sufficiently put the public on notice of the subject matter.

The title to the Act is as follows :

"An Act To Abolish the Fort Pierce Port District, in St. Lucie County, Florida, and Creating the Fort Pierce Inlet District in Said County; In Lieu Thereof; To Embrace the Same Boundaries and Areas, and Making Provision for it as the Successor Thereto; Providing that the Board of County Commissioners of St. Lucie County shall be the Board of Commissioners of Fort Pierce Inlet District and Fixing Their Powers; Obligations, Duties and Authority Over the Said District and Over the Pilots, Harbor Masters and Stevedores Within the Said District; and Providing for the Taxation, the Payment and Refunding of the Indebtedness of the District, and Other Matters in Connection Therewith."

It is contended, (1) that this title contains no suggestion or notice that the real estate and other assets of the Fort Pierce Port District are being transferred to the Fort Pierce Inlet District and (2) the title contains nothing to put one on notice that the Clerk of the Circuit Court is to be Secretary-Treasurer of the Fort Pierce Inlet District.

It is quite true that the title is not artistically drawn the grammar is bad, the construction is bungled and the tense of the participles is worse, but we think it contains ample provisions to neutralize all objections that a court is authorized to consider. This Court has repeatedly said that a title does not have to be an index to the bill if its provisions are sufficient to put the public on inquiry as to its provisions. Since the county commissioners are made the governing body of the district and responsible for every detail of its administration it would not be unreasonable to infer that all its assets should be transferred to them and that the

clerk of the circuit court would be its secretary-treasurer. That which may be reasonably inferred from the title is as much a part of the bill as if written in the title.

It is next contended that Chapter 22298, Acts of 1943, is violative of Section Two of the Bill of Rights, Constitution of Florida, in that it attempts to remove respondents as the five commissioners of Fort Pierce Port District and substitute in their stead the Board of County Commissioners of the County.

It is academic that municipal and other corporations over which the Legislature has plenary authority may be abolished, modified, and changed within the discretion of the Legislature. In this power is included the power to abolish an office or change the incumbent thereof, there being no constitutional limitation on the Legislature to deal with such corporations. City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617; State, ex rel. Landis v. O'Quinn, et al., 128 Fla. 835, 175 So. 769; State ex rel. Gibbs v. Couch, et al., 139 Fla. 353, 190 So. 723; State ex rel. McIver, et al., v. Swank, 152 Fla. 565, 12 So. (2nd) 605. This rule would not apply to constitutional officers.

Other questions or features of the act than those herein treated have been considered but we find no fatal infirmity.

The demurrer to the information is overruled and the motion to strike and to quash on the part of respondents are both denied.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.