CITY OF ORLANDO, a municipal corporation, v. L. A. JOHNSON, trading and doing business as WOODS FUEL OIL COMPANY, of Orlando, Florida.

36 So. (2nd) 209           June Term, 1948
June 25, 1948                  En Banc

*Campbell Thornal,* for appellant.

*Akerman, Dial & Akerman,* for appellee.

SEBRING, J.:

An ordinance of the City of Orlando imposes an excise tax on every purchase of fuel oil within the corporate limits of the municipality, the tax to be paid by the purchaser at the time of his purchase. The appellee, a dealer in fuel oil, brought a bill of complaint for a declaration of his rights under the ordinance, and to enjoin the City from enforcing the collection of any tax on fuel oil. The City filed its motion to dismiss the bill. It also entered into a stipulation of facts with the appellee in which the parties agreed that the City of Orlando would not file an answer but that in lieu of answer the stipulation should be made, upon which the court should enter its decree; that the business conducted by the plaintiff is a competitive service operating in competition with the service rendered by so-called liquified petroleum gas dealers and manufactured gas dealers, both of which types of competitive service are operating in the City of Orlando; that the allegations of the complaint are factually correct but that the legal conclusions are not admitted.

At a hearing on the bill, the stipulation, and the motion to dismiss the bill, the court entered a decree finding that those portions of the ordinance which purported to levy or impose a levy on fuel oil were void because the city was without authority from the legislature to levy such a tax on fuel oil; and that the City should be enjoined from attempting an enforcement of the ordinance with respect to fuel oil purchases.

The City has taken an appeal from the decree.

The City of Orlando asserts its right to adopt and enforce the ordinance because of Chapter 22829, Laws of Florida, 1945, which the City maintains gives it that power to impose a consumer tax on fuel oil. The statute is a law entitled "AN ACT Authorizing Cities and Towns in this State to Impose,

Levy and Collect on each and every Purchase of Electricity, Metered or Bottled Gas (Natural, Liquified Petroleum Gas or Manufactured), Water Service, Telephone Service and Telegraph Service within their Corporate Limits, a Tax (straight percentage, sliding scale, graduated or other basis) in an Amount not to exceed Ten Per Centum of the Payments Received by the Seller of Such Utility Service for the Purchase of such Utility Service and Providing that in every case the Tax shall be Collected from the Purchaser and paid by the Purchaser for the Use of the City or Town to the Seller of such Utility Service at the time of Paying the Charge therefor to the Seller; Provided for other Matters and things Necessary and Incidental to effect the Purposes herein; and Providing when this Act shall take effect."

See section 167.43(1), 1945 Supp. to Florida Statutes, 1941.

In the body of the statute it is provided:

"(1) The several cities and towns in this state are hereby given the right, power, and authority, by nonemergency ordinance, to impose, levy and collect on each and every purchase of electricity, metered or bottled gas (natural, liquified petroleum gas or manufactured), water service, telephone service and telegraph service in their corporate limits, a tax (straight percentage, sliding scale, graduated or other basis) in an amount not to exceed ten per cent of the payments received by the seller . . . In the event any such ordinance imposes such a tax on the purchase of one of the utility services described herein and a competitive utility service or services are purchased in the city or town, then such ordinance shall impose a tax in like amount on the purchase of the competitive utility service or services whether privately or publicly owned or distributed; however, telephone service and telegraph service shall not be required to be considered competitive services."

The appellant concedes that the quoted statute upon which it bottoms its supposed right to enact the tax in question does not, in express terms, authorize the imposition of a tax on fuel oil. It asserts, however, that its authority derives from that portion of section 1 of chapter 22829 which provides that "In

the event any such ordinance imposes such a tax on the purchase of one of the utility services described herein and a competitive utility service or services are purchased in the city or town, then such ordinance shall impose a tax in like amount on the purchase of the competitive utility service or services; and that the tax may be imposed because of the fact that the sale of fuel oil is a "competitive utility service" in direct competition with gas and electric services.

In our view, the contention is not tenable. The purpose of chapter 22829, supra, as expressed in its title, is to empower the cities and towns in this state to enact ordinances imposing, levying and collecting taxes on purchases of specifically named commodities or services, namely, electricity, water and gas and on telephone and telegraph services, such taxes to be paid by the consumers buying these commodities or purchasing these services. To construe the act as authorizing or permitting a tax on fuel oil, when this commodity is not listed in the title as one which may be taxed, and to arrive at such construction merely because of the inclusion in the body of the act of language permitting a tax with respect to "competitive utility services," would be violative of section 16 of Article III of the Constitution of Florida, which requires that "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title. . . . "

While the title to an act need not be a complete index of its subject matter, it must be sufficient to put the public on notice or lead to reasonable inquiry as to its provisions. Compare Boyer v. Black, Sheriff, 154 Fla. 723, 18 So. (2nd) 886; Town of Monticello v. Finlayson, 156 Fla. 568, 23 So. (2nd) 843; State ex rel. Watson v. Crooks, 153 Fla. 694, 15 So. (2nd) 675. The act in question does not meet this constitutional requirement, for an examination of its title will not reveal any provision that would tend to put any fuel oil dealer, or purchaser of fuel oil, on notice that a tax on this commodity was covered or contemplated in the body of the act; or raise any reasonable inference that such taxation was intended.

A final contention made by the appellant is that without regard to the effect of chapter 22829, supra, the charter

powers of the City of Orlando are sufficiently broad to author- ize the imposition of an excise tax on fuel oil, to be paid by the purchaser of the product. As authority for its position the appellant relies on the recent case of Smith v. City of Miami, 160 Fla. 306, 34 So. (2nd) 544, wherein this court was called upon to determine whether or not the charter powers of the City of Miami were sufficiently broad to authorize the im- position of an excise tax on a retailer or wholesaler for the privilege of selling tobacco products. In that case the right of the City to Impose the tax was upheld; but the decision is not authority to sustain the validity of an ordinance such as we have before us in the case at bar. The challenged ordinance in the instant case attempts to impose the tax on fuel oil and to make the tax payable by the purchaser, not by the whole- saler or retailer as was the case in Smith v. City of Miami. So far as we are advised, there is nothing in the charter act of the City of Orlando which gives the City the power to impose an excise tax on fuel oil and to require that the tax be paid by the purchaser. Compare City of Miami v. Kayfetz, (Fla.) 30 So. (2nd) 521.

Insofar as the ordinance brought in question attempts to levy and impose an excise tax on fuel oil, the challenged ordi- nance is invalid and unenforceable. The decree appealed from should therefore be affirmed.

It is so ordered.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS, BARNS and HOBSON, JJ., concur.