57 So.2d 853 (1952)
CITY OF ORLANDO
v.
NATURAL GAS & APPLIANCE CO., Inc.
Supreme Court of Florida, Special Division B.
March 21, 1952.
Rehearing Denied April 15, 1952.
Sanders, McEwan & Berson, Orlando, and J. Lewis Hall, Tallahassee, for appellants.
Chester E. Whittle, Orlando, for appellee.
MATHEWS, Justice.
This is an appeal from a final decree entered by the Chancellor in a suit by the Natural Gas & Appliance Co., Inc., the appellee here v. the City of Orlando, a municipal corporation, the appellant here, enjoining the enforcement of an ordinance of the City of Orlando No. 649 allegedly enacted pursuant to the provisions of Chapter 22829, Laws of Florida, 1945, Section 167.431(1), F.S.A.
The Statute in question is as follows: "(1) The several cities and towns in this state are hereby given the right, power, and authority, by nonemergency ordinance, to impose, levy and collect on each and every purchase of electricity, metered or bottled gas (natural, liquified petroleum gas or manufactured), water service, telephone service and telegraph service in their corporate limits, a tax (straight percentage, sliding scale, graduated or other basis) in an amount not to exceed ten per cent of the payments received by the seller * * *. In the event any such ordinance imposes such a tax on the purchase of one of the utility services described herein and a competitive utility service or services are purchased in the city or town, then such ordinance shall impose a tax in like amount on the purchase of the competitive utility service or services whether privately or publicly owned or distributed; however, telephone service and telegraph service shall not be required to be considered competitive services."
The ordinance in question, No. 649, levied and imposed a tax upon "each and every *854 purchase of electricity metered or bottled gas (natural, liquified petroleum gas or manufactured), water services, fuel oil and telephone services within its corporate limits".
The important question involved in this case is: "Did the Legislature in and by Chapter 22829, Laws of Florida 1945, Section 2, as amended by Chapter 24337, Section 7, Laws of Florida, 1947, F.S.A. § 167.431, intend to authorize the several cities and towns of this State to impose, levy and collect a tax on each and every purchase of liquified petroleum gas within their Corporate limits, or did the Legislature intend to authorize the several cities and towns to impose, levy and collect a tax on each and every purchase of liquified petroleum gas from a public utility only?" (Emphasis supplied.)
The Chancellor in his final decree found that the Legislature intended to authorize the cities and towns to impose the tax upon purchases made from public utilities only.
It was contended by the appellee that it was not a public utility and, therefore, the City of Orlando had no power to impose the tax upon purchases from the appellee.
It was further contended by the appellee that if the Statute in question should be construed so as not to limit its application to public utilities services then the ordinance of the City of Orlando as to the appellee is discriminatory, unreasonable, arbitrary and denies to the appellee due process of law and the equal protection of the law guaranteed by Article 5 and Article 14, Section 1 of the Amendments to the Constitution of the United States and by Sections 1 and 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A.
The Statute in question, that is, Chapter 22829, Laws of Florida 1945, which is now Section 167.431, F.S.A., was before this Court in the case of City of Orlando v. Johnson, 160 Fla. 622, 36 So.2d 209. In that case the ordinance imposed an excise tax on every purchase of fuel oil within the corporate limits of the municipality. Johnson was a fuel oil dealer. He brought a suit to enjoin the City from enforcing the collection of any tax on fuel oil. The business conducted by Johnson was a competitive business operating in competition with the business of a so-called liquid petroleum dealer.
The body of the act in question provided that any ordinance imposing a tax on the purchase of one of the utility services described therein and a competitive utility service, or services, or purchased in the city or town, such ordinance should impose a tax in like amount on the purchase of the competitive utility or service whether privately or publicly owned or distributed. The title of the act gave no indication of this matter set forth in the body of the act.
It was contended by the city that even though the tax in question upon all fuel oil was not mentioned in the title of the act, that the body of the act about the competitive utility services authorized it to impose a tax. In an opinion by Justice Sebring, now Chief Justice, this Court said [160 Fla. 622, 36 So.2d 210]:
"In our view, the contention is not tenable. The purpose of chapter 22829, supra, as expressed in its title, is to empower the cities and towns in this state to enact ordinances imposing, levying and collecting taxes on purchases of specifically named commodities or services, namely, electricity, water and gas and telephone and telegraph services, such taxes to be paid by the consumers buying these commodities or purchasing these services. To construe the act as authorizing or permitting a tax on fuel oil, when this commodity is not listed in the title as one which may be taxed, and to arrive at such construction merely because of the inclusion in the body of the act of language permitting a tax with respect to `competitive utility services', would be violative of Section 16 of Article III of the Constitution of Florida, which requires that `Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title * * *'.
"While the title to an act need not be a complete index of its subject matter, it must be sufficient to put the public on notice or lead to reasonable inquiry as to its provisions. *855 Compare Boyer v. Black, Sheriff, 154 Fla. 723, 18 So.2d 886, 153 A.L.R. 869; Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843; State ex rel. Watson v. Crooks, 153 Fla. 694, 15 So.2d 675. The act in question does not meet this constitutional requirement, for an examination of its title will not reveal any provision that would tend to put any fuel oil dealer, or purchaser of fuel oil, on notice that a tax on this commodity was covered or contemplated in the body of the act; or raise any reasonable inference that such taxation was intended."
From the foregoing opinion it will be observed that this Court has already construed the act and has determined its purpose to be "to empower the cities and towns in this state to enact ordinances imposing, levying and collecting taxes on purchases of specifically named commodities or services". (Emphasis supplied.)
It is urged by the appellee that the tax is limited to a service in the first place and to a public utility in the second place. This contention is contrary to the former determination by this Court. The tax is on "purchases of specifically named commodities" and also services.
It matters not from whom the commodity may be purchased. The tax is upon the purchase of the commodity and is upon the person who makes the purchase. It makes no difference whether the commodity is purchased from a public utility or a private utility. In order to confine the tax to a commodity sold by a public utility, it would be necessary for us to re-write the act and limit the purchases from "public utilities". The Court is not authorized to do this. The tax is not upon the person or the utility or the public utility selling the commodity. The tax is upon the person who purchases the commodity.
It is urged, however, by the appellee that fuel oil and kerosene businesses possess advantages, privileges and characteristics common with the appellee and to tax the one without taxing the other is discriminatory, unreasonable and arbitrary and denies to the appellee due process of law and the equal protection of the law.
There is no merit in this contention.
It may as well be contended that those engaged in selling coal, charcoal, wood, alcohol, or any other commodity which would produce heat is engaged in a business with advantages, privileges and characteristics common with the appellee.
One fallacy of the argument of the appellee is that the tax is imposed upon it. This tax, like the Limited Sales Tax, is imposed upon the purchase of the commodity and is paid by the ultimate consumer.
Reversed with directions to set aside the final decree and dismiss the complaint.
SEBRING, C.J., CHAPMAN, J., and PARKS, Associate Justice, concur.