THORNAL, Justice.
The State appeals from a decree of the Circuit Judge validating an issue of municipal sewer revenue bonds.
*170 The only point is whether the Town of De Funiak Springs by proceedings under Chapter 184, Florida Statutes, F.S.A., can supplement the pledge of sewer revenue with a pledge of a portion of income from cigarette taxes levied by ordinance pursuant to Chapter 2Í0, Florida Statutes, F.S. A.
The town proposes to finance the improvement of its sanitary sewer system by issuing-$425,000-sewer revenue bonds. ■ The principal and interest on the bonds is to be liquidated by sewer service charges levied pursuant to Chapter 184, Florida Statutes, as amended, F.S.A., and by a portion of the income from the municipal cigarette tax levied by ordinance passed pursuant to Chapter 210, Florida Statutes, F.S.A. The point is made that under Section 184.08, Florida Statutes, F.S.A., sewer revenue bonds “shall be payable solely from the funds provided therefor under the provisions of this chapter”. The State on appeal then asserts that in the instant case the municipality has augmented these funds by a pledge of a part of its cigarette tax income. The conclusion is tendered that the additional pledge cannot stand. The trial judge ruled against this contention and held the proposed issue to be valid. We are compelled to agree with the trial judge.
It is true that Section 184.08, Florida Statutes,.. F.S.A., contains the provision pointed out by the appellant. However, Section. 184.18, Florida Statutes, F.S.A., specifically provides that Chapter 184 “shall be deemed to provide an additional and alternative method for the doing of the things authorized hereby and shall be regarded as supplemental and additional to the powers conferred by other laws * *
Chapter 210, Florida Statutes, F.S.A., specifically authorizes municipalities to levy cigarette taxes . for stated purposes. By Section 210.03, Florida Statutes, F.S.A., a city is empowered to use the proceeds of a cigarette tax for the construction and improvement of its sanitary sewer system. The provisions of Chapter 184 being cumulative and additional to other powers conferred upon the city, we can find no valid objection to the pledge of a necessary portion of the cigarette tax income to aug-. ment the anticipated proceeds of the sewer service charges. The obvious purpose of. such augmenting provision is to strengthen the securities, assure the orderly liquidation of the obligation, furnish adequate income coverage for the debt and undoubtedly to reduce the interest rate that the municipality will have to-pay for borrowing the money.
In this case we are referred to no municipal charter restriction as was the situation in State v. City of Ft. Pierce, Fla. 1956, 88 So.2d 135.
It is noted that the bond resolution as well as the provisions of the proposed bond issue expressly preclude any exercise of the municipal ad valorem taxing power to meet the revenue bond obligation.
The objections of the appellant are foreclosed by our decisions in State v. City of North Miami, Fla.1954, 73 So.2d 899; State v. City of Orlando, Fla.1955, 82 So.2d 874; State v. City of North Miami, Fla.1956, 89 So.2d 8; Riviere v. Orlando Parking Commission, Fla.1954, 74 So.2d 694, and similar cases.
Affirmed
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.