THORNAL, Justice.
Appellant, State of Florida, seeks reversal of a decree validating an issue of water revenue bonds.
We must decide whether the appellee city had the power to pledge cigarette taxes and utilities services taxes to the payment of the subject bonds.
Proceeding under Chapter 180, Florida Statutes, F.S.A., the appellee city of West Panama City Beach authorized the issuance of water revenue bonds in the amount of $805,000. To secure the payment of the bonds, the municipality pledged the proceeds of cigarette taxes levied and collected pursuant to ordinance enacted in accord with Chapter 210, Florida Statutes, F.S.A. It also pledged the proceeds of utilities services taxes levied by ordinance adopted pursuant to Section 167.431, Florida Statutes, F.S.A.
The city proposes to issue the water revenue bonds under Chapter 180, Florida Statutes, F.S.A. The city charter, Chapter 59-1982, Laws of Florida, 1959, Section 4(m), grants to the city the power “ * * * to provide for the purchase or establishment of water works * * ” Section 18 of the charter provides:
“In addition to the powers herein-before enumerated, the board of commissioners shall have and exercise all powers vested in towns and town councils under the general laws of the state of Florida, and the mayor-commissioners, chief of police, clerk and other officials shall have all the powers and perform all duties conferred and imposed upon them by the general laws of this state not inconsistent with the provisions of this act.”
No one contests the power of the city to construct and operate the water system. The prime contention to support reversal is that Chapter 180, Florida Statutes, F.S. A., a general act, authorizes the pledging of “the revenues of all or any part of” existing plants or new plants to secure the payment of money borrowed for construction. It is then contended that under Section 180.08, Florida Statutes, F. S.A., the municipality is precluded from imposing any tax liability upon real or *666 personal property in the municipality. Appellant asserts that the Section 180.08 further provides that the revenue certificates shall not constitute a debt against the city “but shall be a lien only against or upon the property and revenues of such utility * *
For reversal the appellant relies upon Easterlin v. City of New Port Richey, Fla.1958, 105 So.2d 361.
Both the cigarette tax and the utilities services tax are excise taxes levied and collected pursuant to general law. They are not ad valorem taxes or property taxes within the contemplation of Section 180.08, Florida Statutes, F.S.A. City of Orlando v. National Gas and Appliance Co. Inc., Fla.1952, 57 So.2d 853; State v. City of Coral Gables, Fla.1954, 72 So.2d 48.
In grounding its position upon the provisions of Section 180.08, Florida Statutes, F.S.A., we think the appellant overlooks the provisions of Section 180.21, Florida Statutes, F.S.A., which reads'as follows:
“The authority and powers granted by this chapter to municipalities shall be in addition to but not in limitation of any of the powers heretofore or hereafter granted to municipalities now existing or hereafter created.”
If for no other reason, the statute which we have last quoted distinguishes the instant case from Easterlin v. City of New Port Richey, supra. There was no such cumulative provision involved in the East-erlin decision. There the briefs of the parties expressly excluded any notion that the city relied upon Chapter 180, supra.
We have consistently held that excise levies such as cigarette taxes and utilities services taxes can be pledged to support municipal revenue certificates without doing violence to the bond referendum requirements of Article IX, Section 6, Florida Constitution, F.S.A. The availability of these two sources of income as support for financing various municipal improvements has been upheld by this court in numerous instances. In Welker v. State, Fla.1957, 93 So.2d 591, we cata-logued, in some measure, the precedents upholding pledges of both cigarette taxes and utilities services taxes. The power to borrow money for authorized public improvements, supplemented by the power to execute evidences of such indebtedness, is implicit in the general powers of all Florida municipalities, Sec. 169.01, Florida Statutes, F.S.A., unless prohibited by the charter. The powers granted by Chapter 180, Florida Statutes, F.S.A., are expressly made cumulative and additional to other powers enjoyed by cities. They are expressly declared to be no limitation upon any other powers. We deem it to be clear, therefore, that the power to pledge the proceeds of the utilities services taxes and cigarette taxes to support this issue of water revenue obligations is authorized by general laws. The pledge is supported by prior decisions of this court, and is implicit in the power of municipalities, when authorized, to construct and provide waterworks and water systems. A similar situation arose in State v. Town of De-Funiak Springs, Fla.1956, 91 So.2d 169. We there had under consideration the proposal of a city to supplement a pledge of sewer revenues with a pledge of the income from cigarette taxes. There the municipality proceeded under Chapter 184, Florida Statutes, F.S.A. By Section 184.-08, Florida Statutes, F.S.A., it was provided that the revenue bonds “shall be payable solely from the funds provided therefor under the provisions of this chapter.” However, we took note of Section 184.18 as we similarly notice Section 180.-21, supra, in this instance. When we give full effect to the express provision of the statute, which makes it cumulative and not in derogation of any other powers enjoyed by the city, we have little difficulty in concluding that these supplemental pledges *667 of available revenue are not precluded by the general law.
Finding as we do that there was no error in the decree of the chancellor, it is affirmed.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.