BOYD, Justice
(dissenting):
I dissent. The decision sought to be reviewed conflicts with City of Orlando v. Johnson,[1] and City of Orlando v. Natural Gas and Appliance Company,[2] giving this Court jurisdiction under § 4, Article V, of the Florida Constitution, F.S.A.
The question presented is whether Florida Statutes § 167.431, F.S.A. authorizes municipal taxation of “all competitive” utility services of whatever kind, rather than limiting taxation to the utility services expressly enumerated in the Statute. Florida Statutes § 167.431, F.S.A. provides in pertinent part as follows:
“The several cities and towns in this state are hereby given the right, power, and authority, by nonemergency ordinance, to impose, levy and collect on each and every purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service and telegraph service in their corporate limits, a tax (straight percentage, sliding scale, graduated or other basis) in an amount not to exceed ten per cent of the payments received by the seller of such utility service from the purchaser for the purchase of such utility service.
>|í ^ if; í}í
“In the event any such ordinance imposes such a tax on the purchase of one of the utility services described herein and a competitive utility service or services are purchased in the city or town, then such ordinance shall impose a tax in like amount on the purchase of the competitive utility service or services whether privately or publicly owned or distributed ; however, telephone service and telegraph service shall not be required to be considered competitive services.”
Pursuant to the above-quoted Statute, the City of Tampa enacted an ordinance imposing a tax on the purchase of electricity, natural gas and bottled and LP gas. Thereafter, the City sought to impose a like tax on the purchase of fuel oil by enacting another ordinance but this latter or *871 dinance was repealed prior to its effective date. Respondents, the distributors and purchasers of the utility services taxed under the first ordinance, brought suit for a declaratory judgment to require the City to tax fuel oil purchases as “competitive” with the other utility services taxed.
Motions to dismiss were filed by the City and intervening purchasers of and dealers in fuel oil. The trial court, in its Order granting the motions to dismiss without leave to amend, held:
“In sum, Section 167.431 requires the City to impose the tax in question only upon one or more of the utility services specifically named in the enactment and it requires the City to impose a like tax only upon such other utility services as are specifically named in the statute which are competitive with the services first taxed.” (e.s.)
On appeal, the District Court reversed and remanded, holding: [3]
“We hold, therefore, that it was the clear intent of the legislature in enacting, and repeatedly reenacting, § 167.431, supra, to require that if a municipality chooses to impose a utility tax on the purchase of any utility service specifically named therein then such municipality shall also impose a tax in like amount on the purchase of any other utility service, whether named or unnamed, provided that such other utility service is ‘competitive’ with the one or more such services first taxed.”
In City of Orlando v. Johnson, supra, this Court considered, and rejected, the contention that fuel oil could be taxed under § 167.431 (then Chapter 22829) as a “competitive” service. The basis of that holding was inadequacy of the title of the act, a defect since cured by re-enactment. However, the Johnson case contains the following statement:[4]
“The purpose of chapter 22829, supra, as expressed in its title, is to empower the cities and towns in this state to enact ordinances imposing, levying and collecting taxes on purchases of specifically named commodities or services, namely, electricity, water and gas and telephone and telegraph services, such taxes to be paid by the consumers buying these commodities or purchasing these services.”
Some years later, in the case of City of Orlando v. Natural Gas and Appliance Co., supra, involving the same statute, this Court quoted at length from the Johnson opinion and stated:[5]
“From the foregoing opinion [City of Orlando v. Johnson] it will be observed that this Court has already construed the act and has determined its purpose to be ‘to empower the cities and towns in this state to enact ordinances imposing, levying and collecting taxes on purchases of specifically named commodities or services’.” (Emphasis theirs).
The District Court, in the instant case, distinguished both the Johnson and Natural Gas cases, holding them not controlling because of the precise question involved in those cases. Respondents .concede a “superficial conflict in the language” of the cases but insist that the language quoted above from the Johnson and Natural Gas cases for conflict is “pure dicta.”
It is often difficult to determine what language in an opinion is absolutely essential to the holding in the case. In State v. Moore’s Estate [6] this Court stated:
“[W]e feel that in the determination of our jurisdiction in matters of conflict we should not undertake to sift the relevant-wheat from the obiter-chaff, and determine what of the former should be disregarded and what should be of sufficient substance to vest jurisdiction. The *872 criterion is the presence or absence of confusion.”
We, therefore, recognize that even though the actual holding in the cases cited for conflict may not be controlling on the precise question here, those earlier opinions do contain statements which clearly conflict with the decisions sought to be reviewed.[7]
The District Court in the instant case, overlooked a time-honored maxim applicable to the construction of taxing statutes. This maxim, recognized by the trial court in its order dismissing the complaint is set out in the opinion of this Court in City of Miami v. Kayfetz [8] as follows:
“In the construction of the grant of any power to tax, made by the state to one of its municipal corporations, the rule accepted by virtually all the authorities is that it should be with strictness. A citizen cannot be subjected to the burden of taxation without clear warrant of law. Therefore, ‘statutes authorizing the levy of taxes are to be strictly construed; they are not to be extended by implication, nor is their operation to be enlarged so as to embrace matters not specifically pointed out, though standing upon a close analogy.’ * * *
“If the authority of the municipality to tax is doubtful, the doubt must always be resolved against the tax. * * * ”
The wisdom of the foregoing rule is readily apparent in the instant case. If the term “competitive utility service” found in § 167.431 is construed to extend the tax beyond those services specifically enumerated to include fuel oil, then conceivably the purchase of any commodity producing heat (for example, coal, charcoal, wood or alcohol[9]) would have to be taxed as “competitive”.
The trial court in the instant case correctly construed Florida Statutes § 167.431 as not requiring the City to impose a tax on the purchase of fuel oil. The District Court erred in reversing the judgment of the trial court dismissing the complaints with prejudice.
I would quash the decision of the District Court and remand for reinstatement of the judgment of the trial court.
ROBERTS, C. J., and McCAIN, J., agree.

. 160 Fla. 622, 36 So.2d 209 (1948).

. 57 So.2d 853 (Fla.1952).

. 238 So.2d 650, 655 (Fla.App.2d 1970).

. 160 Fla. 622, 36 So.2d 209, 210 (1948).

. 57 So.2d 853, 855 (Fla.1952).

. 153 So.2d 819, 821 (Fla.1963).

. Accord, Sunad, Inc. v. City of Sarasota, 122 So.2d 611 (Fla.1960).

. City of Miami v. Kayfetz, 158 Fla. 758, 764, 30 So.2d 521, 524 (1947).

.City of Orlando v. Natural Gas & Appliance Co., 57 So.2d 853, 855 (Fla.1952).