QUESTION:
Is the Legislature precluded from repealing or amending a special act of the Legislature relating to saltwater fishing which, pursuant to a referendum provision contained in said act, was approved by a referendum of the electors within the affected area?
SUMMARY:
A special act of the Legislature which regulates the use of, or prohibits, certain nets and seines in the waters of Pinellas County, and which was approved by a favorable vote of the electors in the affected area, may be repealed or amended by the Legislature without a provision requiring approval by vote of the electors of the area affected if the constitutional requirements for publishing notice of intention to seek enactment thereof are complied with. Special laws which prohibit or otherwise regulate the manner of taking saltwater fish through the use of nets or seines in county waters have not been superseded or impliedly repealed by general law.
Your question is answered in the negative.
Chapter 29432, 1953, Laws of Florida, known as `The Pinellas County Salt Water Fishing Law,' is a special act of the Legislature which regulates the use of nets and seines for the catching of, and fishing for, saltwater fish in the waters of Pinellas County. The stated purpose of the act is to conserve the supply of fish in said waters so as to protect the fisheries and fishing industry. Section 2, Ch. 29432. To accomplish this purpose, the act prohibits the use of seines and nets in certain ways and manners in the waters of said county; prohibits the possession of certain nets and seines; prohibits stopnetting, dragging, and hauling nets and seines in said county; and regulates the size of twine, size of mesh, and length of nets and seines used in the waters of said county. Sections 4-14, Ch. 29432. See also Ch. 29433, 1953, Laws of Florida, a special act prohibiting the use of nets or seines, except cast nets, in Pinellas County within 100 yards of any bridge, dock, pier, causeway, or ferry. Section 15 of Ch. 29432 provides that a person violating any of the provisions of the act shall be guilty of a misdemeanor and punished as provided by general law. Section 17 of Ch. 29432, upon which your question is founded, provides in pertinent part:
 This act shall not become effective until approved in a referendum election called and held in Pinellas County, Florida, wherein a majority of the qualified electors voting on the question shall vote in favor of the adoption of this act. . . .
The foregoing provision requiring referendum approval of the special law is consistent with the terms of s. 10, Art. III, State Const., which states:
 No special laws shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except the provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected. (Emphasis supplied.)
It is clear that published notice of the intention to seek enactment of the special legislation or referendum approval of such legislation by the electors in the affected area are alternative conditions precedent to the validity and effectiveness of the subject legislation. See State ex rel. Cotterill v. Bessinger, 133 So.2d 409 (Fla. 1961); Dickinson v. Bradley,298 So.2d 352 (Fla. 1974). In the absence of published notice or referendum provision, the special legislation is invalid and inoperative. Horton v. Kyle, 88 So. 757 (Fla. 1921); Harrison v. Wilson, 163 So. 233 (Fla. 1935); Gray v. Stoutamire, 179 So. 730
(Fla. 1938); Budget Commission of Pinellas County v. Blocker,60 So.2d 193 (Fla. 1952).
However, where there has been published notice or the law has received favorable referendum approval pursuant to a referendum provision contained in the law, the law is effective and operative in the same manner as any other law enacted by the Legislature. And, consistent with its power to pass any act which it deems necessary so long as such act is not expressly or impliedly in conflict with the state or federal constitutions, the Legislature may repeal a previously enacted special law. Farragut v. City of Tampa, 22 So.2d 645 (Fla. 1945); Kirklands v. Town of Bradley,139 So. 144; State ex rel. Collier Land Inv. Corp. v. Dickinson,188 So.2d 871 (Fla. 1966). Accord: Attorney General Opinion 077-20.
Therefore, the fact that Ch. 29432, supra, became effective as a result of a favorable referendum vote does not in any manner whatsoever preclude legislative repeal or amendment of said act, provided s. 10, Art. III, State Const., is complied with. Nor must any special act of the Legislature amending or repealing Ch. 29432 contain a provision requiring referendum approval of such act, if the constitutional requirements for publishing notice of intention to seek enactment thereof are complied with. Clearly, the plain language of s. 10, Art. III, State Const., permits a special law to be enacted and to become effective by voter referendum of the affected electors; or, alternatively, by published notice of intention to enact the law; or both. See AGO 059-98.
I have also considered whether or not Ch. 29432, supra, and other special or local laws relating to the regulation of the taking or possession of saltwater fish have been superseded and impliedly repealed by s. 370.102, F. S., which provides:
 The power to regulate the taking or possession of saltwater fish, as defined in s. 370.01, F. S., is expressly reserved to the state.
Section 370.01(2), F. S., defines `saltwater fish' to include `all classes of pisces, shellfish, sponges and crustacea indigenous to salt water.'
Section 370.102, F. S., was brought into the statutes by s. 1 of Ch. 73-208, Laws of Florida, which was `an act relating to county government; reserving the power to regulate saltwater fisheries to the state exclusively.' Section 2 of that act, codified as s.125.01(4), F. S., provides:
 (a) The legislative and governing body of a county shall not have the power to regulate the taking or possession of salt water fish as defined in s. 370.01, F. S., with respect to the method of taking, size, number, season or species; provided, however, that this subsection shall not be construed to prohibit the imposition of excise taxes by county ordinance.
 (b) All county ordinances purporting to regulate in any manner the taking or possession of salt water fish, as defined in s. 370.01, F. S., are hereby repealed.
Thus, it is evident that the purpose of Ch. 73-208, supra, is to prohibit any local governmental unit, including municipalities (see s. 1, Ch. 73-208, and s. 166.021(3)(c), F. S.) from enacting local legislation or ordinances purporting to regulate the taking or possession of saltwater fish. See AGO's 071-337, 074-161, 075-167, and 075-213. Accordingly, inasmuch as Ch. 29432, 1953, Laws of Florida, preserves state regulation with respect to the possession or taking of saltwater fish in the waters of Pinellas County, and does not purport to vest any regulatory powers in thecounty commission or empower said body to enact any ordinances or resolutions regarding the taking or possession of saltwater fish, the two statutes are actually not on the same subject and do not possess the same purpose or objective. See 82 C.J.S. Statutes s. 291, at nn. 20, 22, and 24, at pp. 491-492; Harrison v. McLeod,194 So. 247 (Fla. 1940); Scott v. Stone, 176 So. 852 (Fla. 1937). In the absence of positive repugnancy between the two statutes, therefore, the later statute does not impliedly repeal the earlier statute.
Moreover, even if s. 1, ch. 73-208 (s. 370.102, F. S.), covers some of the subject matter of Ch. 29432, supra, it is a well-established principle in this state that a general law will not ordinarily repeal by implication an earlier special or local law. Sanders v. Howell, 74 So. 802 (Fla. 1917); State v. Sanders,85 So. 333 (Fla. 1920); American Bakeries Co. v. Haines City,180 So. 524 (Fla. 1938). However, where the general law is a general revision of the whole subject, or where the two acts are so repugnant as to indicate a legislative intent that the general law should prevail, then the special act will be presumed to have been superseded and repealed. Stewart v. DeLand-Lake Helen Special Road and Bridge District, 71 So. 42 (Fla. 1916); Apalachicola v. State,112 So. 618 (Fla. 1927); City of Miami v. Kichinko, 22 So.2d 627
(Fla. 1945); Town of Palm Beach v. Palm Beach Loc. 1866, I.A.F.F.,275 So.2d 247 (Fla. 1974).
Applying the foregoing principles to the instant inquiry, my examination of Ch. 73-208, Laws of Florida (s. 370.102, F. S.), and the title thereof, read with other relevant portions of Ch. 370, F. S., reveals no general revision of the entire subject of saltwater fishing or any positive repugnancy between the two laws.Cf. Town of Palm Beach v. Palm Beach Local 1866, I.A.F.F., supra, wherein the court held that Ch. 72-275, Laws of Florida (codified as former ss. 447.20-447.34, F. S. 1973, and repealed by s. 8, Ch.74-100, Laws of Florida), the Fire Fighters Bargaining Act, represented such an overall revision on the subject of collective bargaining as evidenced by the extensive duplication inherent in both the prior special law and the later general law that the general law superseded the special law. To the contrary, s. 370.08, F. S. (1976 Supp.), represents an acknowledgment of existing special acts prohibiting the use or regulation of nets or seines for saltwater fishing purposes in county waters. See s. 370.08(1) providing `[n]o person may have in his custody or possession in any county of this state any fishing seine or net, the use of which for fishing purposes in such county is prohibited by law'; also s. 370.08(6) and (7), F. S.; also Rule 16B-6.01, F.A.C., promulgated by the Division of Marine Resources in the Department of Natural Resources. Compare s. 370.083, F. S., prohibiting special laws or general laws of local application affecting the sale or purchase of speckled sea trout or weakfish.
Prepared by: Patricia R. Gleason Assistant Attorney General