J. E. Lang Executive Director Housing Authority of the City of West Palm Beach West Palm Beach
QUESTION:
Pursuant to s. 423.02, F. S., is the housing authority of the City of West Palm Beach exempt from the municipal public service tax authorized to be imposed under s. 166.231, F. S.?
SUMMARY:
Pursuant to s. 423.02, F. S., purchases by the housing authority of the City of West Palm Beach of taxable items or services enumerated in s. 166.231, F. S., are exempt from the excise taxes authorized to be levied by a municipality under s. 166.231(1), F. S., on the purchase of the taxable items or services enumerated therein.
Your question is answered in the affirmative.
Section 421.04(1), F. S., creates in each city a `public body corporate and politic' to be known as the `Housing Authority' of the city.
Section 423.01(4), F. S., provides:
 (4) Such housing projects, including all property of a housing authority used for or in connection therewith or appurtenant thereto, are exclusively for public uses and municipal purposes and not for profit, and are governmental functions of state concern. As a matter of legislative determination, it is found and declared that the property and debentures of a housing authority are of such character as may be exempt from taxation. (Emphasis supplied.)
Section 423.02, F. S., provides:
 The housing projects, including all property of housing authorities used for or in connection therewith or appurtenant thereto, of housing authorities shall be exempt from all taxes and special assessments of the state or any city, town, county, or political subdivision of the state, provided, however, that in lieu of such taxes or special assessments a housing authority may agree to make payments to any city, town, county or political subdivision of the state for services, improvements or facilities furnished by such city, town, county or political subdivision for the benefit of a housing project owned by the housing authority, but in no event shall such payment exceed the estimated cost to such city, town, county or political subdivision of the services, improvements or facilities to be so furnished. (Emphasis supplied.)
Section 421.03(9)(b), F. S., defines `Housing project' to mean,inter alia, any work or undertaking:
 (b) To provide decent, safe and sanitary urban or rural dwellings, apartments or other living accommodations for persons of low income; such work or undertaking may include buildings, land, equipment, facilities and other real or personal property for necessary, convenient or desirable appurtenances, streets, sewers, water service, parks, site preparation, gardening, administrative, community, health, recreational, educational, welfare or other purposes . . . .
and s. 422.03(2), F. S., provides:
 (2) `Housing project' shall mean any work or undertaking of a housing authority pursuant to the Housing Authorities Law or any similar work or undertaking of the Federal Government. (Emphasis supplied.)
Section 166.231(1)(a), F. S., provides, inter alia, that a municipality may levy a tax on the purchase of certain specified services or taxable items. Section 166.231(4), F. S., in pertinent part, provides that a municipality may exempt from taxation thepurchase of such taxable items by the United States Government, the State of Florida, or any other `public body' as defined in s.1.01, F. S.
In State ex rel. Burbridge v. St. John, 197 So. 131, 134 (Fla. 1942), the court stated that a municipal housing authority was `a real corporation, separate and distinct from that of the municipality,' and not a `mere agency of the municipality.' Thus, the housing authority of the City of West Palm Beach is not a `public body' within the definitive enumeration in s. 1.01(9), F. S., as it is neither a county, city, town, village, special tax school district, special road and bridge district, bridge district, nor any other district in this state. Further, the housing authority of the City of West Palm Beach is not the `United States Government' or the `State of Florida' as those terms are used in s. 166.231(4), F. S.
It is a general rule of statutory construction that a statute enumerating things on which it is to operate or forbidding certain things must be construed as excluding from its operation all things not expressly mentioned therein. See Ideal Farms Drainage Dist. et al. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973), Thayer v. State, 335 So.2d 815 (Fla. 1976). Section 166.231(4), F. S., read with the definition in s. 1.01(9), F. S., does not apply to or embrace `public corporations' (see s. 421.03(1), F. S.) such as housing authorities. Thus, the city does not have the discretion to exempt housing authorities pursuant to the terms of s.166.231(4). Housing authorities are specifically and expressly exempted from all taxes of the city by the statute concerned especially with housing authorities. See ss. 423.01(4) and 423.02, F. S.
Section 166.231(5), F. S., provides that the tax authorized by s.166.231(1)(a), F. S., `shall be collected by the seller of thetaxable items from the purchaser at the time of the payment for such service.' (Emphasis supplied.) In Green v. Panama City Housing Authority, 115 So.2d 560, 563 (Fla. 1959), it was held that s. 423.02, F. S., `preclude[s] the levy of excise taxes upon public housing authorities.' In State of Florida v. City of West Panama City Beach, Florida, 127 So.2d 665 (Fla. 1961), the court held that the utilities services tax (now designated as public service tax), is an excise tax levied and collected pursuant to general law. The excise tax authorized to be levied by s.166.231(1), F. S., `on the purchase of' the designated taxable items or services is analogous to the rental tax under the sales tax law on the landlord, and s. 423.02, F. S., exempts the housing authority of the city and its projects and undertakings (as defined in ss. 421.03(3) and 422.03(2), F. S.) and `the purchaser' of such taxable items, from any excise taxes imposed under s.166.231, F. S., the same as it does the housing authority as a landlord. See State ex rel. Housing Auth. of Plant City v. Kirk,231 So.2d 522 (Fla. 1970), Green v. Panama City Housing Authority,supra. If the taxable items or services are separately metered or charged and separately billed to the individual tenants by the seller of such taxable items or services, they would be taxable to or against the individual consumer/tenant or purchaser just as a rental (sales) tax on a taxable commodity or item or transaction would be taxable under the sales tax law to the consumer, lessee or renter, or purchaser.
Further, in City of Orlando v. Natural Gas Appliance Co., Inc.,57 So.2d 853 (Fla. 1952), the court, in interpreting s. 167.431, F. S., which was the precursor of, and for purposes of this opinion substantially the same as, s. 166.231, F. S., specifically said that `the tax is upon the purchase of the commodity and is upon the person who makes the purchase.'
From your correspondence, I assume that in the instant case thepurchaser is the housing authority. If the housing authority is, in fact, the purchaser of the designated services or taxable items, then it is statutorily exempt from the public service tax by operation of s. 423.02, F. S., which section provides that the housing authority's `housing projects' (defined in ss. 421.03(9) and 422.03(2)), F. S., `shall be exempt from all taxes and special assessments of the state or any city, town, county or political subdivision of the state.' (Emphasis supplied.) Thus, the Legislature, through s. 423.02, F. S., has expressly and specifically exempted housing authorities from all taxation, and no authority or discretion in such regard has been delegated to or vested in the municipalities by the terms of their s. 423.02 or s.166.231, F. S. Cf. Dickinson v. City of Tallahassee, 325 So.2d 1
(Fla. 1975), housing that the sovereign immunity of the state and its agencies, county and county school board was not waived by authorizing constitutional provisions or implementing statutory provisions (Ch. 166, F. S.) or the exemption clause (s.166.231(4), F. S.) authorizing municipalities to exempt the state from the tax authorized by s. 166.231(1)(a), F. S.; and s.166.201, F. S.
I have also considered whether s. 166.231(4), F. S., in any way expressly or impliedly operates to amend or repeal s. 423.02, F. S., insofar as it appears to give the municipality the discretion to exempt certain governmental bodies or units in the state from taxation.
In Miami Water Works Local No. 654 v. City of Miami, 26 So.2d 194, a labor union whose membership was composed of employees of the City of Miami in the Department of Water Sewers brought suit in the Circuit Court of Dade County against the City of Miami for a declaration of rights. The circuit court granted a motion to dismiss the bill of complaint and the labor union appealed to the Supreme Court of Florida. The issue in the case was whether Ch. 21968, 1943, Laws of Florida (the general law regulating the affairs and activities of labor unions and their members in the State of Florida), was intended by the Legislature to constitute an alteration of the existing city charter so as to require the city to recognize the union as an agency with which it must deal or negotiate concerning the matter of its employees. The court pointed out that, insofar as Ch. 21968 contained no reference to the City of Miami, or its employees, or to the special acts of the Legislature by which the city was created or its charter approved and established, it could only be taken as an amendment to the city charter solely by way of implication. In holding that Ch. 21968, 1943, Laws of Florida, did not act as such an amendment of the existing city charter, the court stated:
 It is an elementary proposition that amendments by implication are not favored and will not be upheld in doubtful cases. Before the courts may declare that one statute amends or repeals another by implication it must appear that the statute later in point of time was intended as a revision of the subject matter of the former, or that there is such a positive and irreconcilable repugnancy between the law as to indicate clearly that the later statute was intended to prescribe the only rule which should govern the case provided for, and that there is no field in which the provisions of the statute first in point of time can operate lawfully without conflict. See Ferguson v. McDonald, 66 Fla. 494, 63 So. 915; Sanders v. Howell, 73 Fla. 563, 74 So. 802; Town of Hallandale v. Broward County Kennel Club, 152 Fla. 266, 10 So.2d 810.
Generally, see also American Bakeries Co. v. Haines City,180 So. 524 (Fla. 1938).
In the present case, s. 166.231(4), F. S., contains no reference whatsoever to municipal housing authorities. Section 423.02, F. S., falls under a chapter entitled `Tax Exemption of Housing Authorities,' and deals specifically with the tax exemption of housing authorities and certain discretionary payments in lieu of taxes for services or facilities furnished by the municipalities, whereas s. 166.231(4), F. S., falls under a chapter dealing generally with municipal home rule powers and municipal taxing powers. Such being the case, s. 166.231(4), F. S., can only be taken to be an amendment to s. 423.02, F. S., solely by way of implication. In determining whether such amendment was effected, the propositions stated in the Miami Water Works case must be applied. Moreover, the two statutes dealing with different subjects and there being no express intention in the latter statute (s. 166.231, F. S.) to amend or repeal anything in the earlier statute (s. 423.02, F. S.), s. 166.231 cannot operate to impliedly amend or repeal s. 423.02, F. S. Harrison v. McLeod,194 So. 247 (Fla. 1940); Scott v. Stone, 176 So. 852 (Fla. 1937).
In reading the two statutes, it is clear that s. 166.231(4), F. S., was not intended as a revision of the subject matter of s.423.02, F. S., nor is there such a positive and irreconcilable repugnancy between the laws as to indicate clearly that s.166.231(4), F. S., was intended to prescribe the only rule which should govern the case provided for. Further, there is a field (tax exemption of housing authorities) in which the provisions of s. 423.02, F. S., can and do operate lawfully without conflict with s. 166.231(4). Section 423.02, F. S., contains a complete and special plan or scheme for the tax exemption of housing authorities and certain discretionary payments in lieu of taxes for services or facilities furnished by the municipalities. I can find no evidence from a study of s. 166.231(4), F. S., that the Legislature intended to abrogate or repeal that plan, or engraft thereon new conditions so entirely foreign to the present exemption given housing authorities. Had the lawmaking body intended to accomplish such a purpose in a field so important to the state as in the field of municipal housing authorities there is no reason to believe that it would not have said so in that many words, instead of leaving the matter to sheer speculation and conjecture.
Prepared by: Maxie Broome, Jr., Assistant Attorney General