Upon motion of counsel for appellants the above entitled cases were, by order of this Court, consolidated. Consequently, our opinion herein will be applicable to, and our judgment binding in, each case. Appellant's declaration, which was filed on May 3, 1948, alleged that on the 9th day of April, 1947, in the State of Iowa, appellee's decedent, Oscar Schmidt, so negligently drove an automobile as to injure appellant.
That on the 29th day of April, 1947, an action was instituted in the District Court of the State of Iowa in and for Story County by Emma McCord, plaintiff, against this defendant, to-wit: "In the District Court of the State of Iowa in and for Story County, Emma McCord, Plaintiff, vs. Walter E. Smith as Executor of the Last Will and Testament of the Estate of Oscar Schmidt, deceased, Case No. 20702"; by notifying said Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, pursuant to the statutes of the State of Iowa in such cases made and provided, to appear and defend said cause in the District Court of Iowa in and for Story County, before noon on the sixtieth day following the filing of said notice, and said notice was filed in said cause on the 29th day of April, 1947.
The said Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, received said notice and thereafter, within the sixty day period, to-wit: and more particularly on the 24th day of June, 1947, the said Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, filed a notice of intention to file a petition for removal of said cause to the United States District Court in Iowa, and the said Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, filed a removal bond in said cause, to-wit: on the same date, the 24th day of June, 1947; that upon the said petition for removal and the filing of said bond by Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, the Honorable G.R. Hill, Judge, Eleventh Judicial District of Iowa, entered an order for removal on the 30th day of June, 1947.
That thereafter the said Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, participated in the case in the District Court of the United States, Southern District of Iowa, Central Division, by filing an answer by and through his attorney and by demanding a jury trial in said cause — all of which was granted to him, and to the end that on the 19th day of December, 1947, a jury brought in a verdict in favor of the plaintiff against the said Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, in the sum of $4,000.00 plus $105.45 costs; that thereafter a judgment was rendered on the said verdict by the District Court of the United States, Southern District of Iowa, Central Division, in the sum of $4,000.00 plus $105.45 costs.
That after the rendition of said verdict, proof of claim in the estate of Oscar Schmidt, deceased, now being probated in the County Judge's Court, Orange County, Florida, was filed on the 12th day of January, 1948; and that thereafter on the 17th day of February, 1948, the said defendant, Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, filed objections to the claim, and thereafter, on the 19th day of March, 1948, plaintiff instituted this suit against the defendant, Walter E. Smith, as executor of the estate of Oscar Schmidt, deceased, in this Court. *Page 706 
On the 5th day of July, 1948, the appellee filed his amended pleas. Five pleas were filed, said pleas making various attacks upon Chapter 23970, Laws of Florida, Acts of 1947, F.S.A. § 733.16, not material here.
In and by said pleas the following defenses material here were raised:
"(1) That beginning on April 18, 1947, the defendant caused to be published a Notice to Creditors as prescribed by law; that shortly thereafter, Appellant had knowledge of the probate and administration of the estate of Oscar Schmidt, deceased, in Orange County, Florida, but nevertheless did not file any claim against the said estate in said court during the eight months period after said first publication of Notice to Creditors, and that Appellant's claim, in the form of a judgment and verdict in the District Court of the United States, in the Southern District of Iowa, Central Division, was filed in the County Judge's Court in and for Orange County, Florida, more than eight months after the said first publication of Notice to Creditors, and that Appellant's claim is therefore void and she has no cause of action.
"(2) That Chapter 23970, Laws of Florida, Acts of 1947, does not apply to suits filed, commenced and pending in courts outside the territorial limits of the State of Florida.
"(3) That Chapter 23970, Laws of Florida, Acts of 1947, became effective June 16, 1947, after suit was filed by the Appellant against the Appellee in the District Court in and for Story County, State of Iowa, but that said act "is unconstitutional insofar as its retrospective provisions are concerned, in that the Title to said Chapter 23970, Laws of Florida, Acts of 1947, does not indicate that the law is to operate retrospectively."
To these pleas, as amended, appellant filed her demurrer on the following grounds material here:
(1) That by virtue of the provisions of Chapter 23970, Laws of Florida, Acts of 1947, it was unnecessary for appellant to file a claim in the estate of Oscar Schmidt, deceased, during the pendency of the aforesaid suit against the executor in the State of Iowa;
(2) That the defense attempted to be set up by defendant was available to it at all times during the pendency of the suit in the United States District Court in the State of Iowa, in which, on the 19th day of December, 1947, a judgment was rendered for appellant against the appellee, but that no such defense was raised and that the defense raised by defendant, if any he had thereupon, became res adjudicata.
(3) That "under the Constitution of the United States of America, under Section 1 of Article IV, this Court must give full faith and credit to the judgment rendered in the Federal Court in Iowa."
(4) That Chapter 23970, Laws of Florida, Acts of 1947, reamended and re-enacted section 733.16, F.S. 1941, F.S.A., and that there was no provision in the reamendatory act which provided that if any part of said act be declared unconstitutional, the other part would not be affected, and the amendatory act is so intermingled and so essentially and inseparably connected in substance, that this court cannot trim out one part of the said act and leave the rest constitutional.
(5) That the appellee is attempting to to rely upon a portion of the act to defeat the claim of the appellant and at the same time is contending that another portion of the same act (on which he relies) is unconstitutional.
On February 4, 1949, the Court entered its Order overruling appellant's demurrer to appellee's second amended pleas on two grounds:
(1) That Chapter 23970, Laws of Florida, Acts of 1947, has no extra-territorial application, and
(2) That Chapter 23970, Laws of Florida, Acts of 1947, is unconstitutional insofar as its retrospective provisions are concerned in that the title to said act does not indicate that said Chapter is to act retrospectively.
Appellant elected to stand upon the demurrer and the Court in the same order entered final judgment dismissing appellant's *Page 707 
cause of action from which order this appeal was taken.
The question presented is whether the learned Circuit Judge erred in entering the order overruling appellant's demurrer to appellee's second amended pleas and the final judgment. The proper determination of this question necessitates a consideration of Chapter 23970, Laws of Florida, Acts of 1947, with the following thoughts in mind: (1) Whether the facts in this case require an extra-territorial application of the Act, and (2) if they do, whether said act should be held to have no extra-territorial application; (3) whether the so-called retrospective or retrospective provision is, in a legal sense, retrospective or retroactive and therefore invalid; (4) and, in any event, whether the challenged provisions are unconstitutional and invalid in that (so it is contended) the title to said Act does not indicate that said law contains any such provisions. Other questions are posed but we do not find it necessary to a proper disposition of this case to discuss or decide them.
The title of Chapter 23970, Laws of Florida, Acts of 1947, reads: "An Act Amending Section 733.16, Florida Statutes, 1941, As Amended By Chapter 22783, Laws Of Florida, Acts Of 1945, And By Chapter 22889, Laws Of Florida, Acts Of 1945, The Same Relating To The Form And Manner Of Presenting Claims Against Estates Of Decedents, And Fixing A Limitation Of Time For The Filing And Enforcement Thereof."
The sections of the law under attack here as having no extra-territorial application and as being invalid because of a retrospective aspect of one and the failure of the title of the Act to give sufficient notice of the subject matter of either, are:
"Provided, however, that if suit upon any such claim or demandis filed and service of process therein had upon such personalrepresentative within eight [calendar] months from the timeof the first publication of the notice to creditors, the claim or demand asserted by such suit shall not be impaired or affected by failure to file in the office of the county judge granting letters a claim or demand in manner and form as hereinabove provided, but such failure shall operate to preclude the plaintiff in such suit from recovering any suit costs or attorneys fees as an incident thereto; and the personal representative shall file in the office of the county judge granting letters a suggestion of the pendency of such suit and the same shall be entered on the claim docket". Subsection (1) (a). (Italics supplied.)
"* * * Any suit heretofore commenced and in which service of process was had upon the personal representative within the period hereinabove specified, and which may now be pending in any court against the personal representative of any estate which has not been finally closed, shall not be subject to attack upon the ground that the claim or demand upon which such suit is based was not made in manner and form and filed in the office of the county judge granting letters, as otherwise hereinabove provided." Subsection (1) (b).
Apparently, the learned Circuit Judge predicated his ruling "That Chapter 23970, Laws of Florida, Acts of 1947, has no extra-territorial application" upon a construction of the Act to the effect that the process served upon the executor should necessarily be one which had been issued consequent upon the filing of a suit in a state court of Florida and that the expression "any court" means a Florida court of competent jurisdiction.
We held in the case of Brooks v. Federal Land Bank, 106 Fla. 412, 143 So. 749, 752, that the provision of non-claim contained in our statute runs "against nonresidents as well as residents" and to that extent recognized extra-territorial effect of this Act. We see little distinction, and no substantial difference, between this holding and one which would construe the words "any court" as having their ordinary connotation. In view of our determination in the case of Brooks v. Federal Land Bank, supra, it would seem logical, consistent and less drastic to afford to nonresidents, as well as residents, the privilege of election as to which method they might pursue in presenting their claims. *Page 708 
The cardinal purpose of the statute — in toto — is to facilitate an orderly and expeditious settlement of estates. In the case of Ellison v. Allen, 8 Fla. 206, this Court committed us to the proposition that, "The law was made to subserve the cause of right and justice by facilitating the speedy settlements of estates and by preventing the enforcement of stale demands. Itnever was intended to be made the engine of oppression, or towork hardship or injury to any one. To interpret it according toits strict letter would be to give it an operation harsh in theextreme, and * * * it might be made to defeat the most righteousand equitable demands." (Italics supplied.)
We believe our holding herein is consonant with the "strict letter" of the section of the Act which may be extra-territorial in effect, as well as consistent with the real purpose thereof. The intent of the legislature in requiring either the claim to be filed in the office of the county judge or presented by service of process in an action against the personal representative was to make certain that notice to such personal representative and to other creditors was given. If the secondary method of presenting claims is followed by the creditor the law requires the administrator or executor to file a suggestion of the pendency of the suit in the office of the county judge. Should the personal representative be derelict in his duty it is no concern of the creditor. The object to be accomplished is fulfilled as completely in the instance of a claim determined in another state as in one wherein the claim was adjudicated in this jurisdiction.
We do not believe it necessary to cite authority for the well-established general rule recognized in this State that acceptance of service is as effective as service of process upon the defendant in personam. Unquestionably, this is true when such acceptance of service is fortified by actual participation in the suit to its conclusion [as in this case] for in such event every doubt which might otherwise arise as to genuineness or authenticity of the acceptance is dispelled.
It is doubtful that an extra-territorial application of the enactment here considered is required under the facts of this case. The only extra-territorial application of this Act which we glean from our study of it is its recognition of service of process which had issued prior to the enactment of said Act or thereafter from a court of a foreign state. We express no opinion as to what our conclusion might be in a case wherein the attempted service of process was not recognized, accepted and treated by the executor as valid and binding. However, it appears to us that the words "any court" should include, in a case of the type here involved, every court in a jurisdiction wherein a statute similar to our statute, Sections 47.29 and 47.30, Fla.Statutes 1941, F.S.A. and which does not violate organic law, exists. Our statute does not require personal service of process upon the executor. Consequently, we believe it was the legislative intent to encompass each and every type of service which does not offend the constitutional requirement of "due process", and is legally sufficient as a basis for a judgment or decree in personam.
If our conclusion be construed as giving extra-territorial application to Chapter 23970, Laws of Florida, Acts of 1947, to the extent indicated we hold that it should, and does, have extra-territorial application.
The statute does not attempt to make a claim which arose in a sister state or the claim of a nonresident — per se — invalid and we see no reason why any prejudice should exist (with reference to the presentation of a claim) against a nonresident creditor whose claim was adjudicated in a court of another state. Indeed, under the full faith and credit clause of the Federal Constitution we are required to recognize such judgment. It seems clear, therefore, that we should not give to the statute a restricted interpretation which would result in a failure to treat all creditors alike. Such is not the policy of the law. Under our constitutional form of government "even-handed" justice is the rule.
A retrospective provision of a legislative act is not necessarily invalid. It is *Page 709 
so only in those cases wherein vested rights are adversely affected or destroyed or when a new obligation or duty is created or imposed, or an additional disability is established, in connection with transactions or considerations previously had or expiated. See 50 Am.Jur. Sec. 482, pages 505, 506.
The alleged retroactive provision of this Act does not establish new, or violate or take away, vested rights. It affects procedure only and is remedial in character. The retrospective feature operated merely to relieve creditors of the burden of giving a further or additional notice to the executor after having complied with the stipulations of said sections. The challenged provision is not invalid because of its retroactive effect.
The title to the Act clearly indicates the legislative purpose to prescribe in the body of the Act the form and manner in which claims against estates of decedents should be presented. That is exactly what the Act does. The sections of the Act which the appellee finds objectionable simply provide, in effect, a substitute or alternative method of filing claims which have or may become the subject of judicial determination.
"If the title to the act fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill it is all that is necessary. The title need not be an index to the contents of the bill or act." State ex rel. Moodie et al. v. Bryan et al., 50 Fla. 293, 39 So. 929, 931. See also Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 So. 874; Butler v. Perry, 67 Fla. 405, 66 So. 150; Id., 240 U.S. 328, 36 S.Ct. 258, 60 L.Ed. 672; Ex Parte Pricha, 70 Fla. 265, 70 So. 406; Hinely v. Wilson, 91 Fla. 815, 109 So. 468; In re DeWoody, 94 Fla. 96,113 So. 677; State ex rel. Pennington v. Quigg, 94 Fla. 1056,114 So. 859; American Bakeries Co. v. City of Haines City, 131 Fla. 790,180 So. 524; State ex rel. Watson v. Crooks, 153 Fla. 694, 15 So.2d 675.
We find no violation of Section 16, Article III of the Constitution of Florida.
It would be premature for us to express at this time any opinion as to whether a judgment, if secured by the plaintiff below, should include "suit costs" as provided in the judgment of the Federal Court in Iowa.
Reversed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.