**FILED**
**JUNE 13, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RST PARTNERSHIP, | ) | |
| | ) | No. 35838-1-III |
| Appellant, | ) | (consolidated |
| | ) | with 35840-2-III) |
| v. | ) | |
| | ) | |
| CHELAN COUNTY, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| NSJB ENTERPRISE, INC., a Washington | ) | |
| corporation d/b/a EVERGREEN | ) | PUBLISHED OPINION |
| PRODUCTION, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHELAN COUNTY, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Respondent. | | |

FEARING, J. — Usually questions concerning service of process concern service of

a summons, complaint, or petition on an opposing party. This case entails the unique

posture of sufficient service of process on a cooperating party whose interests are identical to the petitioner. The appeal asks whether parties to a land use petition act (LUPA) action may agree to accept service of process by e-mail. We hold in the affirmative and reverse the trial court's dismissal of a petition for lack of timely service.

FACTS

The two appellants are RST Partnership (RST) and NSJB Enterprise, Inc. (NSJB), also known as Evergreen Productions, to whom we jointly refer to as "landusers." RST owns an industrial building in Monitor and leases the property to NSJB. NSJB utilizes the property for the purpose of operating a cannabis growing and processing business. On February 10, 2017, the Chelan County Department of Community Development issued RST a "Notice and Order to Abate Zoning and Building Code Violations Pursuant to Chapter 16.06 to the Chelan County Code." The notice and order listed violations of local regulations surrounding the production or processing of cannabis. The substance of those violations lack relevance to this appeal.

On February 27, 2017, the landusers filed a joint notice of appeal of the notice and order to abate with the Chelan County hearing examiner. The landusers appeared with respective counsel before the hearing examiner on May 17, 2017, and presented argument and evidence during an administrative proceeding. On June 5, 2017, the hearing examiner authored findings of fact and conclusions of law affirming the notice and order. The findings identified RST and NSJB as appellants before the examiner.

2

No. 35838-1-III (consolidated with No. 35840-2-III)
*RST Partnership v. Chelan County*

On June 6, 2017, Chelan County's counsel e-mailed a copy of the hearing examiner's decision to counsel for RST and NSJB. Chelan County attorney's e-mail read:

> I wanted to make sure you received a copy of Hearing Examiner Kottkamp's decision.

Clerk's Papers (CP) at 87. On June 13, 2017, the Chelan County Community Development Department sent RST another copy of the hearing examiner's decision via e-mail. No Chelan County agent sent the hearing examiner's decision to RST or NSJB by certified or first-class mail.

PROCEDURE

On June 26, 2017, NSJB filed a land use petition that sought review of the hearing examiner's decision. On the same day, RST filed its own land use petition that sought review of the examiner's decision. The two petitions read similarly.

Counsel for RST and NSJB knew of the other party's filing of a petition. The two counsel coordinated efforts with the understanding that their clients would later consolidate both cases. In the interest of time, both parties agreed to electronic service of each other's petition. In fulfillment of this agreement, counsel sent each other his respective client's petition by e-mail. According to NSJB attorney Taudd Hume's declaration:

3

> Under that agreement, a copy of Evergreen's [NSJB's] LUPA petition was sent to Mr. Steinberg's office [RST's counsel] . . . on June 26, 2017.

CP at 199. According to the declaration of RST's attorney Charles Steinberg:

> Taudd Hume (counsel for Evergreen Production) and I coordinated our efforts as we prepared our respective LUPA Petitions for filing, with the understanding that we would ultimately consolidate both cases, and had exchanged drafts, he agreed to waive service of process of our LUPA petition, and we e-mailed him the conformed copy on June 28, 2017.

CP at 434-35 (grammar in original).

Because counsel for NSJB officed outside Chelan County, RST's counsel directed his staff to physically serve a copy of NSJB's petition on the Chelan County auditor. Staff physically served the two petitions on the deputy county auditor on June 26, 2017.

Chelan County moved to dismiss the two LUPA petitions on the basis that RST and NSJB did not timely serve one another with their respective petitions. The county argued that, under the land use petition act, RST and NSJB needed to serve one another with the respective petitions by June 27, twenty-one days after Chelan County's counsel e-mailed the hearing examiner's decision to counsel. The county further maintained that e-mail service was an improper method of service of a LUPA petition. The trial court consolidated the two motions in the respective cases. The trial court agreed with Chelan County and dismissed the petitions.

4

LAW AND ANALYSIS

RST and NSJB forward the same arguments on appeal. The landusers contend that the time for filing their land use petitions has yet to expire because Chelan County never properly served them with the hearing examiner's decision, since the county never sent the decision by certified mail. The landusers also contend that, even if they needed to serve the petitions within twenty-one days of receipt of the hearing examiner's decision, they complied with this deadline when e-mailing, with permission, the petition to the other party's counsel. Thus, two distinct questions arise on appeal. First, when, if ever, did Chelan County complete service of the hearing examiner's decision on the landusers such as to commence the time by which the landusers needed to file and serve their LUPA petitions? This first question raises the subquestions of whether Chelan County effectuated service by its counsel's e-mail to the landusers' counsel on June 6? If not, did the LUPA limitation period begin to run anyway because of the landusers' actual knowledge of the hearing examiner's decision or because the hearing examiner's decision had been made available to the public? Second, when, if ever, did the landusers effectuate service of the LUPA petition on one another?

We answer the second question by holding that NSJB perfected service on RST on June 26, when RST's counsel accepted service of NSJB's LUPA petition by agreement and by e-mail. Therefore, we do not answer the first question.

5

No. 35838-1-III (consolidated with No. 35840-2-III)
*RST Partnership v. Chelan County*

The land use petition act governs our decision. LUPA is the exclusive means of judicial review of land use decisions. RCW 36.70C.030. RCW 36.70C.040 identifies the date on which the government issues its land use decision, announces the limitation period for filing the LUPA petition, and controls the method of service of the petition on parties. The lengthy statute reads in pertinent part:

> (1) Proceedings for review under this chapter shall be commenced by filing a land use petition in superior court.
> (2) A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served on the following persons who shall be parties to the review of the land use petition:
> (a) The local jurisdiction, which for purposes of the petition shall be the jurisdiction's corporate entity and not an individual decision maker or department;
> (b) Each of the following persons if the person is not the petitioner:
> (i) Each person identified by name and address in the local jurisdiction's written decision as an applicant for the permit or approval at issue; and
> (ii) Each person identified by name and address in the local jurisdiction's written decision as an owner of the property at issue;
> . . . and
> (d) Each person named in the written decision who filed an appeal to a local jurisdiction quasi-judicial decision maker regarding the land use decision at issue, unless the person has abandoned the appeal or the person's claims were dismissed before the quasi-judicial decision was rendered. . . .
> (3) The petition is timely if it is filed and served on all parties listed in subsection (2) of this section within twenty-one days of the issuance of the land use decision.
> (4) For the purposes of this section, the date on which a land use decision is issued is:
> (a) Three days after a written decision is mailed by the local jurisdiction or, if not mailed, the date on which the local jurisdiction provides notice that a written decision is publicly available;

6

. . . .
(5) Service on the local jurisdiction must be by delivery of a copy of the petition to the persons identified by or pursuant to RCW 4.28.080 to receive service of process. Service on other parties must be in *accordance with the superior court civil rules* or by first-class mail.

(Emphasis added.).

The petitioner must strictly meet the procedural LUPA requirements before properly invoking a trial court's appellate jurisdiction under the act. *Citizens to Preserve Pioneer Park LLC v. City of Mercer Island*, 106 Wn. App. 461, 467, 24 P.3d 1079 (2001). A superior court may not hear a land use petition if a petitioner fails to timely serve a petition on persons designated in RCW 36.70C.040(2) as necessary parties to the review. *Citizens to Preserve Pioneer Park LLC v. City of Mercer Island*, 106 Wn. App. at 467.

Based on the principle of strict compliance, Chelan County contends that the landusers could not serve one another in fulfillment of RCW 36.70C.040(5) through e-mail and by acceptance of service by counsel. The county also maintains that the landusers' argument that it could accept service through counsel employs the substantial compliance doctrine and the doctrine does not apply in a LUPA action. We question whether the county can challenge service on another party who agrees it was properly served. We address the merits of the argument anyway. We hold that RCW 36.70C.040 permits counsel to accept the petition on behalf of the client. We need not rely on the substantial compliance tenet.

7

RCW 36.70C.040(5) permits service of the land use petition as provided under the civil rules. CR 4 does not expressly permit an attorney or a party to accept service of process, but at least one of its provisions recognizes acceptance as a permissible method. CR 4(g) declares, in relevant part:

> **Return of Service.** Proof of service shall be as follows:
> . . . .
> (5) The written *acceptance* or admission *of the defendant,* the defendant's agent *or attorney*;
> . . . .
> (7) In case of service otherwise than by publication, the return, *acceptance*, admission, or affidavit must state the time, place, and manner of service. Failure to make proof of service does not affect the validity of the service.

(Emphasis added.)

Because RCW 36.70C.040 permits service pursuant to CR 4 and CR 4 recognizes acceptance of service, we hold that the landusers' counsel could accept service. We know of no reason to distinguish between acceptance of service for purposes of a LUPA action and other causes of action. Based on the universal usage of electronic mail, we also hold that a party or its attorney may accept service by e-mail. *Tacoma Pierce County Small Business Incubator v. Jaguar Security, Inc.*, 4 Wn. App. 2d 935, 424 P.3d 1247 (2018) recognizes that parties may agree to be served by e-mail.

Courts universally recognize acceptance of service as an allowable, if not preferable, method of serving process. Acceptance of service is as effective as service of process on the defendant in person. *McCord v. Smith*, 43 So. 2d 704, 708 (Fla. 1949).

Unquestionably, this rule prevails when actual participation in the suit to its conclusion fortifies an acceptance of service for in such event every doubt which might otherwise arise as to genuineness or authenticity of the acceptance is dispelled. *McCord v. Smith*, 43 So. 2d at 708. A waiver or acceptance is, by law, as effectual as actual service. *Flanagan v. Bruner*, 10 Tex. 257, 258 (1853).

The purpose of service of process is to give notice of a lawsuit to parties to the suit. RCW 36.70C.040(5) allows service of a LUPA petition by first-class mail. Acceptance of service by e-mail constitutes a trustier method of service than first-class mail.

The law should promote parties accepting service of process either directly or through counsel. Although not applicable in state court, the Federal Rules of Civil Procedure encourages defendants to waive service of process in order to minimize expenses of litigation.

Chelan County contends that the record establishes that the landusers' attorneys agreed to accept service, but does not show that the clients permitted their respective attorneys to accept service. The contrary is also true. No facts show that the landusers did not wish for their attorneys to accept service of the petition filed by the other party. Strong evidence suggests the clients consented. Attorneys have represented RST and NSJB during the entire process of appealing the notice and order to abate. The parties have cooperated and asserted the same arguments against the notice and order of

abatement. One party's counsel served the other party's petition on Chelan County's authorized representative. Absent fraud, the actions of an attorney authorized to appear for a client bind the client. *Rivers v. Washington State Conference of Mason Contractors*, 145 Wn.2d 674, 679, 41 P.3d 1175 (2002).

Chelan County argues the record lacks admissible evidence that either counsel e-mailed his client's land use petition to opposing counsel within the statutory deadline. The county also faults counsels' declarations for violating court rules regarding proof of service. The county states that the declarations omit the date of e-mailing, the sender, and the receiver. We disagree. NSJB counsel's declaration states he sent the petition to RST's counsel on June 26. Anyway, under CR 4(g)(7), failure to supply proof of service does not equate to invalidity of service.

We agree with Chelan County that RST counsel declared that he e-mailed RST's petition to NSJB's attorney on June 28, which would exceed the deadline by one day, assuming the date of issuance of the hearing examiner's decision to be June 6. We see no need to decide whether service of the RST petition fulfilled the limitation period. RST would otherwise remain a party to NSJB's petition action and could assert its arguments in that proceeding. We thereby avoid the quagmire of determining when Chelan County issued its land use decision.

No. 35838-1-III (consolidated with No. 35840-2-III)
*RST Partnership v. Chelan County*

## CONCLUSION

We reverse the trial court's dismissal of the LUPA petitions on the basis of

untimely service of process. We remand to the superior court for proceedings consistent

with this opinion.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

11