**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| DANE SCARIMBOLO, DOMINIQUE TORGERSON, and DONNA HINDS-SCARIMBOLO as Four Horsemen Brewery, | No. 87999-5-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KING COUNTY DEPARTMENT OF LOCAL SERVICES, | |
| Respondent. | |

MANN, J. — Dane Scarimbolo, Dominique Torgerson, and Donna Hinds-Scarimbolo (collectively Scarimbolo) appeals a superior court order dismissing their Land Use Petition Act[1] (LUPA) petition for failing to accomplish timely service of process on King County (the County). The applicable law required service on the manager of the County's Records and Licensing Services Division, whereas Scarimbolo served a copy of their petition on the department that initiated the code enforcement action. Because petitioners must strictly comply with LUPA's procedural requirements to invoke the superior court's appellate jurisdiction, service on someone other than the

---

[1] Ch. 36.70C RCW.

individual designated to receive service on behalf of the County was invalid. The superior court was required to dismiss the petition. We affirm.

I

The underlying procedural facts are undisputed. In August 2024, the County's Department of Local Services Permitting Division (DLS) issued a notice to Scarimbolo after determining that their operation of a brewery violated provisions of the King County Code (KCC).[2] Scarimbolo appealed the code violations to the Office of the Hearing Examiner. Following a prehearing conference, the hearing examiner dismissed the appeal on November 1, 2024.

Scarimbolo filed and served a LUPA petition on November 25, 2024.[3] But instead of serving the manager of the Records and Licensing Services Division as required by RCW 36.70C.040(5), 4.28.080(1), and KCC 2.04.010, they served DLS.

The County moved to dismiss the petition for lack of jurisdiction due to insufficient service of process. Scarimbolo responded by filing a motion to cure the defective service, acknowledging that they "inadvertently failed to serve the proper recipient." They also asked the court to "extend the deadline for service of process."

---

[2] The parties agree that the notice was issued on August 15, 2024, but incorrectly dated September 15, 2024.

[3] A party appealing a final local land use decision must file and serve the LUPA petition within 21 days of issuance of the land use decision. RCW 36.70C.040(3). For purposes of this requirement, the date on which a land use decision is issued is "[t]hree days after a written decision is mailed by the local jurisdiction or, if not mailed, the date on which the local jurisdiction provides notice that a written decision is publicly available." RCW 36.70C.040(4)(a). The hearing officer's decision was transmitted by both mail and e-mail, and the County does not dispute that the three-day tolling period applies in these circumstances. See Chandrruangphen v. City of Sammamish, No. 103789-9, slip op. at 2 (Wash. Feb. 12, 2026) (three-day tolling provision does not apply to land use decision transmitted solely by e-mail), https://www.courts.wa.gov/opinions/pdf/1037899.pdf. Accordingly, for purposes of this decision, we assume that Scarimbolo served DLS on the last date it was possible to effectuate timely service.

After a hearing, the superior court granted the County's motion and entered an order dismissing the petition.

Scarimbolo then moved for reconsideration and entry of summary judgment. The court denied reconsideration without requesting a response from the County and denied all other pending motions as moot.

Scarimbolo appeals.

II

Scarimbolo appeals the superior court's dismissal of their LUPA petition. We review a dismissal of an action on legal grounds de novo. Witt v. Port of Olympia, 126 Wn. App. 752, 757, 109 P.3d 489 (2005). Whether service was proper is a question of law we also review de novo. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

Except in certain limited circumstances, LUPA provides the "exclusive means of judicial review of land use decisions" by local jurisdictions. RCW 36.70C.030(1). On review of a LUPA petition, "'a superior court acts in an appellate capacity' and cannot exercise its jurisdiction unless LUPA's service and filing requirements are satisfied." Chandrruangphen v. City of Sammamish, No. 103789-9, slip op. at 11 (Wash. Sup. Ct. Feb. 12, 2026) https://www.courts.wa.gov/opinions/pdf/1037899.pdf (quoting Conom v. Snohomish County, 155 Wn.2d 154, 157, 118 P.3d 344 (2005)). A superior court lacking appellate jurisdiction must dismiss a LUPA petition. Chandrruangphen, slip. op. at 11. Our courts require strict compliance with LUPA's procedural mandates. RST P'ship v. Chelan County, 9 Wn. App. 2d 169, 175, 442 P.3d 623 (2019).

Service on a local jurisdiction under LUPA must comply with RCW 4.28.080. RCW 36.70C.040(5).  To achieve service on the County under RCW 4.28.080, Scarimbolo needed to deliver a copy of their LUPA petition to the entity designated by the County's "legislative authority."[4]  RCW 4.28.080(1).  The County's legislative authority, the King County Council, has designated the agent to accept service on behalf of the County in KCC chapter 2.04, entitled "Service of Process on County." KCC 2.04.010(A) provides that "[f]or the purpose of service of summons on King County under provisions of RCW 4.28.080, the person to be served is the manager of the records and licensing services division."  The provision sets forth two acceptable methods of serving the agent, either by e-mail to a designated address or by personal delivery to the physical location of the Records and Services Licensing Division between the hours of 8:30 a.m. and 4:30 p.m.  KCC 2.04.010(B).

Scarimbolo concedes that they did not deliver a copy of their LUPA petition to the individual designated by the County.  They nevertheless argue that service was sufficient because, under a different provision of the code, KCC 2.21.080, "internal routing of service is the County's responsibility."  KCC 2.21.080, which governs "Procedure for Handling Lawsuits," states, in relevant part:

> A.  Service of a summons and complaint shall be as provided in K.C.C. 2.04.010.  Any county officer or employee who is served with a summons and complaint in a lawsuit against the county or against any of its officers, employees, or agents alleged to be acting in their official capacities shall immediately forward the summons and complaint to the office of the manager of the records and licensing services division at kcserviceofsummons@kingcounty.gov.

---

[4] King County is a charter county.  See WASH. CONST. art. XI, § 4 (allowing any county to "frame a 'Home Rule' charter for its own government"); KING COUNTY CHARTER pmbl., art. I ("The county shall have all of the powers which it is possible for a home rule county to have under the state constitution").

This code provision also requires the manager of the Records and Licensing Services Division to forward a summons and complaint received to the "civil division," which must then "docket the lawsuit," and provide a copy of the summons and complaint to the "involved department" and, in certain cases, to the office of risk management. KCC 2.21.080(B).

The language of KCC 2.21.080 belies Scarimbolo's argument that internal routing procedures for legal complaints received by County employees supersede the specific requirements of LUPA, the service statute, and KCC 2.04.010. The first sentence of KCC 2.21.080 expressly confirms that service on the County "shall be" in the manner prescribed by KCC 2.04.010. Allowing service by delivering a copy of the petition to someone other than the County's legislatively designated agent would render this language, and the provisions of RCW 36.70C.040(5), RCW 4.28.080, and KCC 2.04.010, meaningless. And such a reading would contravene a fundamental principle of construction requiring that we give effect to statutory language in such a way that does not render any language inoperable or superfluous. See Washington State Ass'n of Counties v. State, 199 Wn.2d 1, 12-13, 502 P.3d 1129 (2025).

Our Supreme Court recently reaffirmed longstanding authority holding that LUPA requires strict compliance with service requirements which can only be met by service "on an individual who is statutorily authorized or designated to receive service" on behalf of the local jurisdiction. Chandrruangphen, slip op. at 15. In Chandrruangphen, the local jurisdiction was a city and the service statute required the petitioner to serve her LUPA petition on one of several individuals: the mayor, city manager, the "designated agent" of the mayor or city manager, or the city clerk. Slip op. at 12

(quoting RCW 4.28.080(2)). Instead, the petitioner served her petition on an office assistant who worked at the front desk of city hall and "was not designated as an agent to the mayor or city manager to receive service on behalf of the City." Chandrruangphen, slip op. at 7. Nevertheless, the city clerk confirmed receipt of the petition on the same day. Chandrruangphen, slip op. at 8.

The Supreme Court held that the petitioner failed to accomplish effective service because the specific statutory language required service on a person "enumerated in the statutory provision or designated as an agent through the city mayor or city manager to receive service on behalf of the City." Chandrruangphen, slip op. at 18. In so holding, the court rejected the argument that the petitioner effectively served the city clerk by "so-called 'secondhand service,'" based on the inference that the office assistant ultimately delivered the petition to the legislatively authorized individual. Chandrruangphen, slip op. at 18. The court pointed out that allowing this type of indirect service in the context of governmental entities would "work to excuse a petitioner's noncompliance with the applicable service statutes and shift the burden to a municipality to ensure it serves itself." Chandrruangphen, slip op. at 19.

The decision in Chandrruangphen controls the outcome here, as it is undisputed that Scarimbolo failed to serve the manager of the Records and Licensing Services Division. Chandrruangphen is consistent with our previous decisions demonstrating that effective service on a local jurisdiction cannot be accomplished by internal delivery to the authorized individual or actual notice of the pending action. See Overhulse Neigh. Ass'n v. Thurston County, 94 Wn. App. 593, 596-97, 599, 972 P.2d 470 (1999) (board of commissioners' employee's acceptance and forwarding of a LUPA petition

-6-

was not sufficient service of process on the county auditor); see also Meadowdale Neigh. Comm. v. City of Edmonds, 27 Wn. App. 261, 267, 616 P.2d 1257 (1980) (pre-LUPA case holding that service on the mayor's secretary did not accomplish service on the mayor, as required by statute, despite the mayor's actual notice). Scarimbolo's characterization of the issue as a "service technicality" and assertions of actual notice and lack of prejudice are unavailing because "strict compliance is necessary when dealing with statutes that name specific persons who must be served" in the context of claims under LUPA against local jurisdictions. Chandrruangphen, slip op. at 21. Because the statutory service requirements were not satisfied, the superior court properly dismissed the petition.

III

Scarimbolo next contends that the superior court abused its discretion in denying their motion for reconsideration without requesting a response from the County or holding a hearing, despite evidence that the County "had no objection" to the motion.

As a factual matter, while the County did not object to Scarimbolo's motion for leave to note a hearing on the motion for reconsideration, there is nothing in the record to suggest that the County did not oppose the motion for reconsideration. The County simply observed that the local rules did not allow the County to submit a response to the motion unless requested by the court and indicated its willingness to file a response upon request. See King County Local Civil Rule (KCLCR) 59(c). Likewise, the local rules provide that motions for reconsideration are considered without argument, unless the court requests otherwise. KCLCR 59(b). Given that the court followed the procedures outlined by the local rules and there was no concession by the County,

Scarimbolo cannot establish that the superior court abused its discretion by resolving their motion without a response or argument. <u>Rivers v. Wash. State Conf. of Mason Contractors</u>, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002) (we review an order denying a motion for reconsideration for an abuse of discretion).

IV

Scarimbolo also challenges the denial of their motion for summary judgment. This claim fails because, among other reasons, a summary judgment motion is "interlocutory in character" and was, therefore, not an available means to seek relief after the trial court dismissed the LUPA petition. <u>See</u> CR 56(c). And while Scarimbolo asserts that no material facts were in dispute, the County did not waive any challenge to the merits of the petition by moving for dismissal on the threshold issue of sufficiency of service. Because the trial court denied reconsideration and the request to vacate the order of dismissal, the motion for summary judgment was moot.[5]

Affirmed.

_____
Mann, J.

WE CONCUR:

_____
Díaz, J.

_____
Smith, J.

---

[5] Insofar as Scarimbolo raises issues in their briefing related to public records requests apparently submitted after the court denied reconsideration, because the appellate record includes no information about such requests, these claims are not properly before us.